**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOMANPREET SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72626

Agency No. A202-051-323

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2020[**]

Before:  HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Momanpreet Singh, a native and citizen of India, seeks review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration

Judge's ("IJ") decision denying his application for asylum, withholding of removal,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture ("CAT").  We dismiss in part and deny in part his petition for review.

Singh's challenge to the IJ's adverse credibility determination is unpersuasive.  Before the BIA, Singh did not contest the adverse credibility finding; instead, he argued the IJ erred in finding him ineligible for asylum and CAT relief based on his well-founded fear of future persecution and torture.  Without explicitly raising the adverse credibility finding as an issue before the BIA, Singh failed to exhaust remedies with respect to this question.  *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).  We accordingly lack jurisdiction to address this challenge, *id.*, and Singh's appeal is limited to whether the IJ and BIA erred in otherwise denying his claims, over which we have jurisdiction under 8 U.S.C. § 1252.

We apply the highly deferential substantial evidence standard to Singh's claims that the IJ and BIA erred in finding he does not qualify for asylum, withholding of removal, or CAT relief, reviewing both decisions.  *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014).  Singh contends the IJ and BIA erred by not considering all the evidence he presented, which he argues, when properly considered, supports his asylum claim based on well-founded fear of future persecution.  Specifically, he points to the membership card and letter he submitted to show he was a member of the Shiromani Akali Dal party and the country conditions reports he included.  On our review, we find that substantial evidence

supports the agency's findings because the record does not establish that Singh's subjective fear of persecution is objectively reasonable. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). And without meeting the lower standard for asylum, Singh does not meet the "more likely than not" standard for withholding of removal. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

The record does not establish a likelihood that Singh would be tortured upon his return. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010). Substantial evidence therefore supports the agency's CAT findings.

**DISMISSED IN PART; DENIED IN PART.**